UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| JAYSON R. HARRIS and CURTIS WHITMER, | ) ) ) |
| Petitioners, | ) ) Civil Action No. 3: 08-14-DCR |
| V. | ) ) ) |
| COMMONWEALTH OF KENTUCKY, | ) **MEMORANDUM OPINION** ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of *pro se* Petitioners Jayson R. Harris and Curtis Whitmer's "Notice of Filing Notice of Removal" and "Removal of Actions from the Franklin Circuit Court to the U.S. District Court pursuant to Rule 81 of the Federal Rules of Civil Procedure." [Record Nos. 2, 3] Petitioners Harris and Whitmer are currently confined at the Little Sandy Correctional Complex, in Sandy Hook, Kentucky, and have paid neither the District Court filing fee for a civil action ($350.00) nor the filing fee for a habeas proceeding ($5.00).

Through this action, the Petitioners request "that Civil Actions No. 08-CI-00438 and 08-CI-00257, hereby be removed from the Franklin Circuit Court," so that they may challenge the decisions denying them credits for the time they were out on parole. They assert: (1) violations of the Equal Protection clause because other parole violators "similarly situated as the petitioners [were] being granted their parole supervision credit under HB 269;" (2) a violation

of the Ex Post Facto clause because HB 269 was in effect from July 1, 2002, til June 30, 2004; and (3) several violations of Kentucky law.  The Petitioners claim to be removing their state court actions under the authority of Federal Rule of Civil Procedure 81 and Title 28 of the United States Code, Sections 1441 and 1446.  They also request the issuance of a Writ of Habeas Corpus pursuant to Title 28 of the United States Code, Section 2241.

It is clear based on the assertions in the Petitioners' pleadings and the relevant law that the Petitioners' purported removal of this action is improper.  Sections 1441 and 1446 provide for removal of an action from state to federal court by a *defendant*, not a plaintiff.  *See Hamilton v. Aetna Life & Casualty Co.*, 5 F.3d 642, 644 (2d Cir. 1993); *Jones v. City of Buffalo*, 867 F. Supp. 1155, 1165 (W.D. NY 1994) ("[T]he removal of a case from state to federal court is a right available only to a defendant or defendants.").  Similarly, Rule 81 pertains to prosecuting "removed actions" only "after . . . the defendant" has properly removed the action to federal court.  In short, removal is not possible for plaintiffs or petitioners such as *pro se* Petitioners Harris and Whitmer who are in state court by their own choosing.  *See Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("No right exists in favor of a person who, *as plaintiff*, has filed an action in the state court, to cause the removal of such action to a federal court.") (emphasis in original).  Accordingly, because the Petitioners' claims are not properly before the Court, the Court is without jurisdiction to grant the relief sought.

However, the Court notes that even the proper filing of a § 2241 petition and $5 by each prisoner will not give the Court jurisdiction over the prisoners' claims at this time.  Federal courts have consistently required the exhaustion of state court remedies as a prerequisite to a §

2241 petition. *See Irvin v. Dowd*, 359 U.S. 394, 406 (1959); *Click v. Ohio*, 319 F.2d 855 (6th Cir. 1963); *Atkins v. Michigan*, 644 F.2d 543 (6th Cir. 1981), cert. denied, 452 U.S. 964 (1981). Here, the Petitioners concede that their claims are still in circuit court, with appellate review yet to be decided against them.

Because the Court is without jurisdiction over the removed action or the Petitioners' request for relief pursuant to § 2241, it is hereby **ORDERED** as follows:

1. The relief sought by Petitioners Jayson R. Harris and Curtis Whitmer in their "Removal of Actions from the Franklin Circuit Court to the U.S. District Court" is **DENIED**;

2. This action is **DISMISSED**, *sua sponte*, for lack of jurisdiction; and

3. This action is **STRICKEN** from the Court's active docket.

This 23rd day of April, 2008.

Signed By:
*Danny C. Reeves* DCR
United States District Judge